EDWARD MAHAN v. JOHN CLOSE.[1]

November 27, 1895.

Nos. 9142—(4).

### Action for Services—Statute of Frauds.

The complaint alleged that the plaintiff moved a building for the defendant, at his instance and request. The answer denied the making of any such contract, and alleged that the plaintiff made a contract with the defendant, and for the purchase of the building and the land to which it was

1 Reported in 65 N. W. 95.

removed, and that he moved the building under and in pursuance of such contract. It appearing that the contract for the sale and purchase of the building and land was verbal, the court instructed the jury that it was void, and directed them to find a verdict for the plaintiff. *Held* error; that, even if the contract was still within the statute of frauds, evidence of its terms was material, in showing that the defendant never employed the plaintiff to move the building.

Same.

*Held*, also, that if the complaint was sufficient, the evidence was insufficient to entitle the plaintiff to recover what he had expended, upon the ground that the defendant had repudiated the verbal contract of sale, or was unable to perform.

Appeal by defendant from an order of the district court for Morrison county, Baxter, J., denying a motion for a new trial. Reversed.

*E. P. Adams*, for appellant.

*Taylor, Calhoun & Rhodes*, for respondent.

BUCK, J.    This action was brought to recover for moving a building at the defendant's instance and request. The defendant denied the making of any such contract with the plaintiff, and alleged that the plaintiff contracted with him to purchase the building, and the lot to which the same was removed, and the plaintiff removed the building in pursuance and performance of such contract. In his reply the plaintiff denied the making of any such contract for the purchase of the lot and building, and alleged that, if any agreement was made, it was verbal, and void under the statute of frauds. Upon the trial each party introduced evidence tending to prove the allegations of his pleadings, but it appeared that, if any contract was made between the parties for the sale and purchase of the lot and building, it was verbal. The trial court instructed the jury that this contract, not being in writing, was void, and that the only question for them to consider was whether the plaintiff moved the building, and, if so, what it was worth. As it was conceded that the plaintiff had moved the building, the instruction of the court amounted to a direction to find a verdict in his favor.

We fail to see that the statute of frauds had anything to do with the case. If there was a parol contract of sale, the act of plaintiff in moving the building upon the lot he had purchased constituted part performance, which took the contract out of the statute. It amount-

ed to the same as if the plaintiff, under his parol contract, had entered into possession of the premises, and erected a new building. But, even if the contract still remained void under the statute, the evidence was competent and material, in showing that the defendant never employed the plaintiff to move the building for him; in other words, never made the contract alleged.

Plaintiff's counsel now admits that the reason assigned by the trial court was wrong, but alleges that the instruction was correct, because it appeared that the defendant was unable to perform the contract of sale, and therefore the plaintiff is entitled to recover as for work done or expenditures made by him under the executory contract, which the defendant was unable to perform. Assuming, without deciding, that the complaint was sufficient, the evidence was clearly insufficient to entitle the plaintiff to recover upon any such ground. The only testimony tending to prove any disability on the part of the defendant to perform his contract was in the plaintiff's rebutting evidence, from which it appeared that defendant had no deed for the lot, but that his wife had a contract for it. Plaintiff was never either ready or willing to perform; on the contrary, he insisted, both in his pleadings and on the trial, that he never made any such contract. The defendant had never been requested to perform, and had never done any act indicating an intention to repudiate. The mere fact that he did not have the legal title does not prove that he could not, and would not, have procured title through his wife's contract, and performed his own contract, upon the reasonable request of the plaintiff and his expressing a readiness and willingness to perform on his part. If the defendant had repudiated the contract by some affirmative act, as by conveying away the premises to a third party, a very different case might have been presented.

Order reversed.